## Witter License

*Carl R. Mapel, Jr.,* for Commonwealth.

*John McCrea,* for appellant.

SHUGHART, P. J., June 12, 1963.—Appellant's operating privileges were suspended for a period of one month on the basis of a report received by the Secretary of Revenue of a conviction of appellant for an offense in the State of Missouri.

Appellant has appealed to this court to revoke the order of suspension. At the hearing on the appeal, counsel for appellant moved that the order of suspension be reversed on the ground that the evidence offered by the Commonwealth was insufficient to support such action. This motion was not acted upon at the time, but counsel was given three days within which to file a formal written objection. A timely written objection was filed and the matter was listed for argument. Briefs have been filed and the matter was orally argued. It is now ripe for decision.

Section 618 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §618, provides in part as follows:

"(e) The secretary is hereby authorized . . . to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an *offense therein which, if committed in this Commonwealth,* would be grounds for the suspension or revocation of the license of an operator . . ." (Italics supplied.)

The "notice of conviction" received by the secretary consists of a copy of a "Missouri Uniform Traffic Ticket." The ticket states the name and address of appellant and identifies the vehicle involved as an "Int.

Tractor." In the space captioned "Describe Violations," there appear the words "Following too Closely." There is no specification of the section of the Missouri code that was violated and the notice nowhere states the type of vehicle that appellant followed too closely.

The notice of suspension sent to appellant by the Secretary of Revenue states that the reason for withdrawal of license was conviction "of following too closely in the State of Missouri which would be a violation of Section 1010 (b) " of the Pennsylvania Vehicle Code.

Section 1010(b) of The Vehicle Code provides in substance that the operator of commercial vehicles including truck tractors and tractors shall not follow another such vehicle within 500 feet when traveling outside a business or residential district except when overtaking or passing.

Appellant contends that the notice of conviction is insufficient to show a violation of the above section because it does not indicate that the vehicle followed too closely by Witter was a vehicle of the type specified in section 1010(b). We are constrained to concur in this view. If the vehicle that appellant followed "too closely" in the State of Missouri was not of the type specified in section 1010(b), such act would not have been in violation of the section.

Counsel for the Commonwealth contends that the words employed here to designate the Missouri offense are sufficient to indicate that the action would constitute a violation here. There may be situations where a general designation of the offense would be sufficient, but this is not such a case. When an operator of a vehicle of the type specified in section 1010 (b) follows another vehicle of the same type within 500 feet, he violates the provisions of the section. If the vehicle followed is not of the type described in the section, there is no violation.

It is impossible to determine from the notice received from Missouri whether the vehicle followed by appellant was one of the types specified by section 1010(b) of the code. There is nothing before the Secretary of Revenue nor before this court which would support a finding that the vehicle which appellant was following was of the type referred to in section 1010(b) of The Vehicle Code. We cannot reach a conclusion that appellant's act in Missouri would have been in violation of section 1010(b) of our act. The appeal must therefore be sustained.

### Order of Court

And now, June 12, 1963, for the reasons given in the foregoing opinion, the action of the Secretary of Revenue in suspending the operator's license of James Cameron Witter be and is hereby reversed and set aside. Costs to be paid by appellant.